Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Tuesday, May 30, 2006 5:18:09 PM

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CHRISTINA JOANN BORING, | ) Case No. 05-06768 |
| | ) |
| Debtor | ) |
| | ) |

## MEMORANDUM OPINION

This matter came before the court on the motion of DaimlerChrysler Financial Services Americas, LLC ("Daimler Chrysler") to confirm the absence of the automatic stay. DaimlerChrysler asserted in its motion that the automatic stay terminated because Christina Joann Boring (the "Debtor") failed to affirmatively state on her statement of intention whether she was reaffirming, redeeming, or surrendering her 2003 Dodge Neon, which secures the debt she owes to DaimlerChrylser. The Debtor argues that the automatic stay has not terminated because she timely filed a statement of intention indicating that she intends to retain the 2003 Dodge Neon and make her regular monthly payments. Having considered the motion and arguments of the parties, the court finds that the automatic stay terminated thirty days from the petition date.

### I. BACKGROUND

On December 31, 2004, the Debtor purchased a 2003 Dodge Neon (the "collateral") by financing $16,982.00 of the purchase price with DaimlerChrysler, which timely perfected its interest on the Certificate of Title. On November 28, 2005, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On the same day that the Debtor filed her petition, she also filed her statement of intention, indicating that she planned to exercise the "retain and pay" option.

1

DaimlerChrysler submitted a proposed reaffirmation agreement to the Debtor, but she did not sign the agreement. The Debtor remains in possession of the collateral and is current on her contractual payments..

## II. DISCUSSION

DaimlerChrysler seeks confirmation that any action it may take regarding the collateral is free from any restriction imposed by the automatic stay because the Debtor failed to affirmatively state that she was either reaffirming, redeeming, or surrendering the collateral. The Debtor argues, however, that the automatic stay remains in place because she filed a valid statement of intention by indicating that she intends to keep the collateral under the "retain and pay" option.

Among the duties imposed on a debtor under 11 U.S.C. § 521 is the duty to file a statement of intention within thirty days from the petition date. 11 U.S.C. § 521(a)(2)(A). Section 521(a)(2)(A) requires a debtor to specify her intent with respect to the retention or surrender of property, and, if the property is to be retained, specify whether it will be redeemed or whether the underlying obligation will be reaffirmed. The language of § 521 has been reviewed by the Fourth Circuit and found to be procedural in nature and non-exclusive as to the options a debtor may exercise in regard to collateral. *In re Belanger*, 962 F.2d 345, 348 (4th Cir. 1992) (holding that "retain and pay" is an option that a debtor may exercise under 11 U.S.C. § 521(a)(2)(A)). *Belanger*, however, was decided prior to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, ("BAPCPA") which added language to 11 U.S.C. § 521(a)(2), which greatly impacts the prior law in this area. *In re Cracker*, 337 B.R. 549, 550 (Bankr. M.D.N.C. 2006).

Subparagraph C of § 521(a)(2) previously provided, "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title." BAPCPA added the phrase, "except as provided in section 362(h)," to the end of 11 U.S.C. § 521(a)(2)(C)[1]. In turn, 11 U.S.C. § 362(h) states in explicit terms the three options that a debtor can

---

[1] 11 U.S.C. § 521(a)(2)(C) states in full, "Nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title,

invoke in connection with filing a statement of intention if a debtor wishes to preserve the automatic stay. *In re Root*, No. 06-90, 2006 Bankr. LEXIS 660, at *6 (Bankr. N.D. Iowa April 11, 2006). A debtor's failure to indicate on a timely filed statement of intention whether the intention is to surrender, reaffirm, or redeem with respect to the property terminates the automatic stay. 11 U.S.C. § 362(h)(1).

In this case, the Debtor timely filed a statement of intention as required by 11 U.S.C. § 521(a)(2). The Debtor, however, was required to indicate on her statement of intention whether she was surrendering or retaining the collateral, and if retaining the collateral, she was further required to state whether she planned to redeem the collateral or reaffirm the underlying obligation. While the Debtor's statement of intention indicates that she intends to retain the collateral, it does not indicate whether she intends to redeem the collateral or reaffirm the underlying obligation. The Debtor's failure to do so terminated the automatic stay with regard to the collateral thirty days after the petition was filed. *Cracker*, 337 B.R. at 551.

The Debtor argues that the automatic stay did not terminate because DaimlerChrysler voluntarily tendered a reaffirmation agreement for the Debtor's signature, which had different terms than the original contract. Sections 521(a)(2) and 362(h), however, require affirmative acts to be taken by a debtor, not a creditor. The fact that DaimlerChrysler sent the Debtor a reaffirmation agreement does not change the defective nature of the Debtor's statement of intention.

The Debtor also argues that even if the automatic stay is not in place, DaimlerChrysler cannot repossess her Neon because the "default on filing' clause in the parties' loan documents is unenforceable as a matter of law. *See Riggs National Bank v. Perry*, 729 F.2d 982 (4th Cir. 1984) (holding that a "default on filing" clause is unenforceable as a matter of law because giving effect to this type of clause would negate the automatic stay in nearly all cases). DaimlerChrysler, however, asserts that the newly added language of 11 U.S.C. § 521(d) permits it to take possession of the vehicle regardless of whether or not the Debtor is current on the regular monthly payments. 11 U.S.C. § 521(d) provides in pertinent part, "[N]othing in this title shall prevent or limit the operation of a

---

except as provided in section 362(h)."

3

provision in the underlying lease or agreement that has the effect of placing the debtor in default under such lease or agreement by reason of the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor.  Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance."  In this case, however, it is unnecessary to determine what effect, if any § 521(d) has on the rights of the parties.  The automatic stay has lifted pursuant to § 362(h); thus, the court need not determine whether or not the Debtor is in default under the parties' loan documents.  Terminating the automatic stay gives DaimlerChrysler the right to take whatever action is permissible under nonbankruptcy law.

### III.  CONCLUSION

While the Debtor most certainly filed a timely statement of intention as required by 11 U.S.C. § 521(a)(2), the Debtor's statement of intention was inadequate under the provisions of 11 U.S.C. § 362(h)(1).  The Debtor's failure to affirmatively indicate whether she intended to reaffirm the underlying obligation, redeem the collateral, or surrender the collateral caused the automatic stay to terminate thirty days after the petition date.

The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021